CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 25 2013

JULIA C. DUDLEY, CLERK
BY: /s/ 
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **EZEKIEL ELIJAH WILLIAMS,** | ) | CASE NO. 7:13CV00480 |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **MIDDLE RIVER REGIONAL JAIL,** | ) | |
| **OFFICER L. BRYANT,** | ) | By: James C. Turk |
| | ) | Senior United States District Judge |
| **Defendant(s).** | ) | |

Ezekiel Elijah Williams, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. Williams sues the Middle River Regional Jail ("the jail") and one of its officers, L. Bryant, for allegedly putting his life at risk by talking about his criminal charges in the presence of other inmates. Upon review of the record, the court finds that the action must be summarily dismissed.

I

Williams states that in June of 2012, he was charged with two crimes: contributing to the delinquency of a minor and carnal knowledge of a 13- or 14-year-old. The first charge was dismissed in July of 2012, and the carnal knowledge charge was noll prossed in April 2013. During the interim, authorities detained Williams at the jail.

Bryant came by Williams cell on June 18, 2013, and said to him, "Oh, you're the guy from the YMCA with the little girl . . . . you should have known how old she was. I've known her since she was 5 years old." (Compl. 3.) Other inmates, who had not heard earlier media reports about Williams' charges, overheard Bryant's comments, began ridiculing Williams as a "pedophile" and a "child molester," and spread this information to others at the jail. When

Williams wrote a complaint, the responding officer said he would "look into this and address it accordingly." (Id. 4.)

On November 19, 2012, after Williams was moved to another unit of the jail, Bryant came through the dayroom near Williams' cell. Williams overheard Bryant tell another inmate that if he had a daughter or a niece who was 13 or 14, he should "keep her away from [Williams]." (Id.) When Williams filed a grievance about Bryant's comments, the responding officer offered to move Williams if he felt unsafe. Williams filed an appeal, stating that he did not feel his life was in danger or want to be placed in segregation, but that he wanted Bryant "correct[ed]" for his actions. (ECF No. 2, at 6.)

On February 1, 2013, Williams "was forced to defend [himself] against another inmate that harbored feelings based on Of[ficer] Bryant's comments" about Williams' charges. During the altercation, Williams' eye was injured. Officials brought a disciplinary charge against Williams for fighting and placed him in segregation.

Williams faults the jail for not disciplining officers for treating inmates with disrespect. He states that he has heard Bryant talk about other inmates' charges, with the proviso that he was "not saying anything that the news didn't say." (Id. 6.) As relief in this action, Williams seeks monetary damages from the jail and termination of Bryant's employment.

## II

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). To state a claim in any federal civil action, the plaintiff's "[f]actual allegations must be enough to raise a

2

right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

As an initial matter, Williams cannot pursue a § 1983 claim against the jail. The jail, as an entity, does not qualify as a "person" subject to suit under § 1983. See Preval v. Reno, 203 F.3d 821, 2000 WL 20591, at *1 (4th Cir. Jan. 13, 2000) (unpublished) (quoting Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989); McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890, 893-94 (E.D. Va. 1992) (finding city jail immune from suit and not a person for purposes of § 1983). Therefore, Williams' claim against the jail must be summarily dismissed under § 1915A(b)(1) as legally frivolous.

Williams' claim against Officer Bryant must be dismissed for a different reason. The Eighth Amendment imposes a duty on prison officials "to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994) (internal quotation marks omitted). However, not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." Id. at 834. To establish an Eighth Amendment claim in this context, the prisoner must satisfy two elements: (1) he must allege a "serious or significant physical or emotional injury resulting" from the official action he challenges, see De'lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003); and (2) he must demonstrate that the prison officials acted with "deliberate indifference" to a substantial risk that he would suffer such harm. Farmer, 511 U.S. at 834. A prison official shows deliberate indifference if he is "aware of facts from which [he could infer] that a substantial risk of serious harm exists," draws such an inference that the risk exists, and fails to respond reasonably to the risk. Id. at 837, 844. Furthermore, an officer's mere verbal abuse or

3

harassment states no claim of constitutional significance. Morrison v. Martin, 755 F. Supp. 683, 687 (E.D.N.C.), aff'd, 917 F.2d 1302 (4th Cir. 1990) (citing other cases).

The court concludes that Williams' allegations against Bryant are not sufficient to satisfy the second element under Farmer. Bryant's alleged comments were undoubtedly disrespectful and unprofessional, but his words alone provide no basis for § 1983 liability. Id. At the most, Williams alleges that, on two isolated occasions in the presence of other inmates, Bryant talked publically about Williams' pending charges, which were already public record and, by Williams' own admission, had been the subject of some discussion in the local news. Even in light of the later assault Williams suffered, the court finds no indication that Bryant knew or could have known that his words created a significant risk that Williams would be assaulted by other inmates. Indeed, Williams himself, when he complained about Bryant's comments, indicated that he did not fear for his safety and saw no need to be transferred to a segregated unit for his own protection. As Williams thus fails to allege facts sufficient to satisfy the deliberate indifference element of the Farmer analysis, he fails to allege facts stating any Eighth Amendment claim against Bryant for failing to protect him or for otherwise unreasonably jeopardizing his safety. 511 U.S. at 837.

For the reasons stated, the court dismisses Williams' complaint without prejudice, pursuant to § 1915A(b)(1), for failure to state a claim. The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 25th day of November, 2013.

_____
Senior United States District Judge

4